**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID DIVIOIS RICHARDSON,

           Plaintiff,

v.

COUNTY OF WAYNE, a Municipal Corporation, WAYNE COUNTY PAROLE OFFICER JOYCE MAHANDI, individually, WAYNE COUNTY DETECTIVE JACKIE LOVING, individually, CITY OF ANGOLA, INDIANA, a Municipal Corporation, CITY OF ANGOLA, INDIANA SERGEANT TIMOTHY M. CROOKS, individually, CITY OF ANGOLA POLICE CHIEF JON W. PARRISH, in his Individual and Official Capacity, STEUBEN COUNTY INDIANA, a Municipal Corporation, STEUBEN COUNTY SHERIFF RICHARD L. LEWIS, in his Individual and Official Capacity, STEUBEN COUNTY OFFICER D. HOSTETTER, individually, and STEUBEN COUNTY OFFICER DALE MURRAY, individually,

           Defendants.

                                                /

CASE NO. 08-14248

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANTS STEUBEN COUNTY, INDIANA, STEUBEN COUNTY SHERIFF RICHARD L. LEWIS, STEUBEN COUNTY OFFICER D. HOSTETTER, AND STEUBEN COUNTY OFFICER DALE MURRAY'S MOTION TO DISMISS**

Pending before the Court is Defendants Steuben County, Indiana, Steuben County Sheriff Richard L. Lewis, Steuben County Officer D. Hostetter, and Steuben County Officer Dale Murray's (hereinafter Steuben Defendants) Motion to Dismiss (Doc. No. 21). The Court heard oral argument on May 1, 2009, and at the conclusion of the hearing, took this matter under advisement. For the reasons that follow, the Court **GRANTS** the motion.

## I.  FACTUAL BACKGROUND

In November 2006, Detective Sergeant Crooks, employed by the City of Angola Police Department, was investigating several forged check crimes.  See Angola Defs.' Ex. 1.  According to his Affidavit, in January 2007, the suspected forger fled a Meijer store in Angola, Indiana, leaving behind a check and a driver's license.  Angola Defs.' Ex. 2. Crooks discovered the driver's license had been obtained with a birth certificate issued in Detroit under the name David Diviois Richardson.  Id., ¶ 4.  Crooks conducted a Law Enforcement Information (LEIN) check and learned that the individual identified on the license was on probation in Michigan.  Id. , ¶ 6.  Thereafter, Crooks contacted Defendant Mahandi, Richardson's probation officer, and learned that Richardson was in violation of the terms of his probation.  Id., ¶ 8.  Crooks provided Mahandi a copy of the driver's license via e-mail.  Id., ¶ 9.  Mahandi confirmed the person was Plaintiff.  Id., ¶ 10.  Thereafter, Crooks turned over his report and supporting documentation to the Steuben County Prosecutor's Office.  Id., ¶ 12.  On March 19, 2007, an arrest warrant for Richardson was issued on charges of forgery and attempted forgery.

On July 5, 2007, Richardson was arrested on an unrelated probation violation in Wayne County and incarcerated in the Wayne County Jail.  Compl., ¶ 28.  When Defendant Officer Loving performed a LEIN check, she discovered an outstanding felony warrant for Richardson.

Loving verified that Indiana law enforcement officials were willing to pick-up Plaintiff. She then prepared and submitted a formal extradition request to the prosecutor.  Wayne Co.'s Exs. 4, 5.  She interviewed Plaintiff and advised him of his rights.  Richardson maintained he was not the right person and did not waive his rights.  Wayne Co. Defs.' Ex.

3. On August 31, 2007, the Michigan court authorized an extradition warrant. Wayne Co. Defs.' Ex. 6. Plaintiff was arraigned on the warrant on September 5, 2007, and provided with assigned counsel. Id., Ex. 7. Plaintiff subsequently waived his right to a hearing, and signed the order of extradition. See Exs. 8, 9.

On September 11, 2007, Officer Hostetter of the Steuben County Sheriff's Department and another officer transported Richardson from Michigan to Indiana for incarceration in the Steuben County Jail. Angola Defs.' Ex. 5, Hostetter Aff., ¶ 3. Plaintiff alleges that he informed the officers that he was not the person wanted for attempted forgery. The officers returned to Wayne County Jail, where they went in and talked while Plaintiff waited. Pl.'s Ex. 3. The officers returned to the car and drove Plaintiff to Indiana. According to Defendant, the officers indicated to him that they were just doing their job.

Richardson was incarcerated at the Steuben County Jail. He was released on March 20, 2008, after an investigation revealed that Plaintiff's brother committed the offenses in Indiana. According to Plaintiff and the public defender assigned to represent him on the forgery charge, he is not the person pictured on the driver's license. See Pl.'s Ex. 2, Resp. to Angola Defs.' motion, Letter of Attorney Anthony L. Krause.

Thereafter, Plaintiff filed suit alleging claims under 42 U.S.C. § 1983, against Steuben County, its Sheriff, and Officers Hostetter and Murray. Plaintiff also brings claims of gross negligence, malicious prosecution, and false arrest and imprisonment against the individual Defendants.

Steuben County Sheriff and Officer Murray move for dismissal on the basis of personal jurisdiction. Steuben County and Officer Hostetter move for dismissal for failure to state a claim.

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must show that his complaint alleges facts which, if proven, would entitle him to relief. First Am. Title Co. v. DeVaugh, 480 F.3d 438, 443 (6th Cir. 2007). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997). When reviewing a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' " Bell Atl. Corp. v. Twombley, 550 U.S. 544, 570 (2007). "Under general pleading standards, the facts alleged in the complaint need not be detailed, although 'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.' " Id.

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court further refined the standard, articulating a "two-pronged approach" to be used to determine whether a complaint states a claim upon which relief may be granted. Id. at 1950. First, a court should "identify[] the allegations in the complaint that are not entitled to the assumption of truth." Id. at 1951. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief, and must be disregarded. Id. (quoting Twombly, 550 U.S. at 555). Second, the Court must scrutinize these facts to see if they "plausibly suggest an entitlement to relief." Iqbal, 129 S. Ct. at 1951. Although even

4

"unrealistic or nonsensical" factual allegations must be credited, the Court must determine whether there are "more likely explanations" for these facts than the inference required to support the plaintiff's legal theory. Id. at 1950-51 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief'" (quoting Fed. R. Civ. P. 8(a)(2))). This does not require a "probability," but "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949.

A motion to dismiss under Fed. R. Civ. P. 12(b)(2) challenges the sufficiency of the jurisdictional facts regarding the existence of personal jurisdiction over a defendant. The plaintiff has the burden of establishing the existence of personal jurisdiction. Chandler v. Barclays Bank PLC, 898 F.2d 1148, 1151 (6th Cir. 1990). When a court decides whether it has personal jurisdiction on the basis of written submissions alone, the plaintiff "may not rest on his pleadings to answer the movant's affidavits, but must set forth, by affidavit or otherwise. . .specific facts showing that the court has jurisdiction." Seras v. First Tennessee Bank Intel Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989). If a plaintiff's pleadings and affidavits state the facts with sufficient particularity, a court must ignore contrary assertions by a defendant. Id. at 1215. "Dismissal is proper only if all the specific facts which the plaintiff. . .alleges collectively fail to state a prima facie case for jurisdiction." Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991).

Because this Court is relying only on the pleadings and affidavits of the parties, the plaintiff "need only make a prima facie showing of jurisdiction." Id. In the absence of an evidentiary hearing, the "court will not consider facts proffered by the defendant that

5

conflict with those offered by the plaintiff." Id. The Court views the facts in the light most favorable to the nonmoving party. Seras, 875 F.2d at 1214.

## III. ANALYSIS

### A. FAILURE TO STATE A CLAIM

Because the parties agree that Steuben County should be dismissed, the Court's attention is directed to the claims against Officer Hostetter, who transported Plaintiff from Michigan to Indiana pursuant to an arrest warrant and Plaintiff's waiver of extradition. The parties dispute the import of Plaintiff's waiver.

The Sixth Circuit does not allow a § 1983 claim against an officer for failure to comply with extradition procedures established by the Uniform Criminal Extradition Act ("UCEA"), because "the constitutional and statutory extradition provisions are not designed to protect fugitives. Rather, they are designed to facilitate the administration of justice between states." Barton v. Norrod, 106 F.3d 1289 (6th Cir. 1997). Accord Grigsby v. Keesling, No. 88-5829, 1988 WL 129308 (6th Cir. Dec. 6, 1988) (affirming the lower court's award of summary judgment to officers who transported the plaintiff out of state because the plaintiff had executed a waiver).

Nevertheless, Plaintiff maintains that he has a cause of action against Hostetter based on the Officer's affirmative knowledge of the illegality of Plaintiff's arrest. According to Plaintiff, Hostetter wrongfully transported Plaintiff to Indiana because Hostetter acquired knowledge that Plaintiff was not the proper person to be transported to the Steuben County Jail while they still were in Michigan. Plaintiff's assertion does not comport with the facts.

There is no dispute that the arrest warrant was issued for Plaintiff. There is no dispute that Plaintiff waived extradition. The fact that Plaintiff protested the identification of himself as the forger does not nullify the warrant or the waiver. Further, Hostetter did not ignore Plaintiff's protest, he returned to the Wayne County Jail to verify the identity of Plaintiff. Richardson's assertion of actual innocence and that he was the wrong guy simply does not state a constitutional claim as to Hostetter.

As the Sixth Circuit noted in Bevins v. Keesee, No. 90-5567, 1991 WL 52894 (6th Cir. April 10, 1991), when "the errors upon which liability is asserted take place beyond the scope of [the defendant's] responsibility, he cannot be found liable where he has acted reasonably and in good faith." Id. (citing Wood v. Worachek, 618 F.2d 1225, 1231 (7th Cir. 1980)). Hostetter acted within the scope of his authority in transferring Plaintiff from Michigan to Indiana. He acted reasonably and in good faith inasmuch as he confirmed he was transporting the individual identified in the arrest warrant. Accordingly, Plaintiff has no claim against Hostetter based on Hostetter's participation in the extradition.

### B. PERSONAL JURISDICTION

Next, Steuben Defendants assert that the Court lacks personal jurisdiction over Sheriff Lewis and Officer Murray. Because 42 U.S.C. § 1983 does not, by itself, confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims, Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure refers the court to the Michigan long-arm statute. Thus, "[a] court has personal jurisdiction over a defendant if the defendant is amenable to service of process under the state's long-arm statute, and if the exercise of personal jurisdiction would not deny the defendant due process." Michigan

7

.
.

Coalition of Radioactive Material Users, Inc. v. Griepentrog, 954 F.2d 1174, 1176 (6th Cir. 1992).

Personal jurisdiction can be either general or specific, depending on the type of minimum contacts. Third Nat'l Bank v. Wedge Group Inc., 882 F.2d 1087, 1089 (6th Cir. 1989). General jurisdiction depends on a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant. In contrast, specific jurisdiction exposes the defendant to suit in the forum state only as to those claims that "arise out of or relate to" the defendant's contact with the forum. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414-15 (1984).

### 1. General Jurisdiction

Plaintiff does not contend that general jurisdiction over these Defendants exists. Therefore, the Court considers whether it may exercise specific jurisdiction as to Lewis and Murray, given the facts of this case and claims asserted.

### 2. Specific Jurisdiction

#### a. Long-arm statute

The Michigan long-arm statute specifies conditions under which Michigan courts may exercise specific personal jurisdiction over nonresident individual defendants. Pursuant to applicable provisions, specific jurisdiction exists when the plaintiff's claim arises out of the defendant's contact with the state. The statute allows a court to assert personal jurisdiction over a defendant who, among other things, transacts "any business within" Michigan. MICH. COMP. LAWS § 600.705(1). The provision is interpreted broadly, and it

includes even the "slightest" business contact. Sifers v. Horen, 188 N.W.2d 623, 624 n.2 (Mich 1971). The statute also allows a court to assert personal jurisdiction over a defendant and its agent who, among other things, does or causes "an act to be done, or consequences to occur, in the state resulting in an action for tort." MICH. COMP. LAWS § 600.705(2).

In this case, the Court finds Murray has not transacted any business in Michigan. Nor has he caused consequences to occur in Michigan resulting in an action for tort. The only contact Murray had with Richardson occurred during Plaintiff's incarceration in the Steuben County Jail. The Court finds the long-arm statute does not allow the Court to assert personal jurisdiction over Lewis either. To the extent that Hostetter acted as an agent for Parrish during the transport of Richardson from Michigan to Indiana, the Court considers the long-arm statute to be satisfied. However, Plaintiff has failed to state a claim against Hostetter based on Hostetter's conduct in Michigan. Therefore, the only conduct at issue is conduct that occurred in Indiana, and that conduct does not fall under the long-arm statute.

Even if the long-arm statute were satisfied, the Court finds the exercise of limited personal jurisdiction over these Defendants violates the Due Process Clause of the Fourteenth Amendment.

### b. Due Process

Under the Due Process Clause of the Fourteenth Amendment, "[a] state court may exercise personal jurisdiction over a nonresident defendant so long as there exists 'minimum contacts' between the defendant and the forum State." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (citing Int'l Shoe Co. v. Washington, 326 U.S.

9

310 (1945)). "The proper focus for analyzing these contacts is whether they represent an effort by the defendants to 'purposefully avail [themselves] of the privilege of conducting activities within Michigan, the forum state. If the defendant's activities create sufficient minimum contacts, the court then considers "whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.' " Id. (quoting Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 113 (1987)).

In the Sixth Circuit, such jurisdiction exists only when the following three conditions are satisfied: "[f]irst, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000) (citing Southern Mach. Co. v. Mohasco Indus., 401 F.2d 374, 381 (6th Cir. 1968)).

Because there has been no evidentiary hearing on the issue of personal jurisdiction, the Court must limit its inquiry to whether Plaintiff has established a "prima facie showing of jurisdiction." CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996). The Court must draw all reasonable inferences and resolve all factual disputes in favor of Plaintiff as the party invoking federal jurisdiction. See Nationwide Mutual Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790 (6th Cir. 1996).

As to the first prong, "purposeful availment. . .is present where the defendant's contacts with the forum state 'proximately result from actions by the defendant [itself] that create a "substantial connection" with the forum State.'" Neogen Corp. v. Neo Gen

10

Screening, Inc., 282 F.3d 883, 889 (6th Cir. 2002) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). This purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Calphalon, 228 F.3d at 722.

The second prong, the requirement that the plaintiff's cause of action arises from the defendant's activities in the forum state, should not be construed too strictly. If a defendant's contacts with Michigan are "related to the operative facts of the controversy, then an action will be deemed to have ar[isen] from those contacts." CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1267 (6th Cir. 1996). In other words, so long as the cause of action has "[a] substantial connection with defendant's in-state activities," it is not necessary that it formally arise from defendant's contacts with the forum. See Third Nat'l. Bank in Nashville v. WEDGE Group, Inc., 882 F.2d 1087, 1091 (6th Cir. 1989) (quoting Mohasco, 401 F.2d at 384 n. 27).

Typically, if a plaintiff meets the first two prongs of the Constitutional test, an inference arises that the third element has been met as well. See Bird v. Parsons, 289 F.3d 865, 875 (6th Cir. 2002) (citing CompuServe, Inc, 89 F.3d at 1268). To overcome this inference, the defendant must present a "compelling case that the presence of some other considerations render personal jurisdiction unreasonable." Burger King, 471 U.S. at 477. The Court then must balance the "burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief." Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 133 (1987).

Steuben Defendants were not involved in the underlying criminal investigation, which resulted in Richardson's incarceration in Indiana. The causes of action in this lawsuit as to these Defendants are not related to any contact with Michigan. Reynolds v. Int'l Amateur Athletic Federation, 23 F.2d 1110, 1119 (6th Cir. 1994) (observing that an action does not rise from a defendant's contacts with the forum state when "they are unrelated to the operative facts of the controversy") (citation omitted). After applying the three prong-analysis articulated by the Sixth Circuit, the Court finds that Plaintiff has failed a prima facie case for personal jurisdiction as to Sheriff Lewis or Officer Murray.

**IV. CONCLUSION**

In sum, the Court finds it lacks personal jurisdiction over Defendant Murray, whose only involvement with Plaintiff occurred in connection with Plaintiff's incarceration in Indiana. The Court dismisses Steuben County pursuant to the parties' agreement.

Futher, the Court dismisses Hostetter because, even viewing the allegations in the light most favorable to Plaintiff, Richardson has failed to state a claim. Accordingly, Plaintiff cannot establish sufficient minimum contacts with Michigan by Sheriff Lewis for the Court to exercise jurisdiction over him.

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

                                            s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                            UNITED STATES DISTRICT JUDGE

Date: August 27, 2009

## CERTIFICATE OF SERVICE

     A copy of this Opinion and Order was mailed and/or electronically filed to counsel of record on this date.

                                                   s/Bernadette Thebolt
                                                   Deputy Clerk