UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DIVIOIS RICHARDSON,

        Plaintiff,

v.

COUNTY OF WAYNE, a Municipal Corporation, WAYNE COUNTY PAROLE OFFICER JOYCE MAHANDI, individually, WAYNE COUNTY DETECTIVE JACKIE LOVING, individually, CITY OF ANGOLA, INDIANA, a Municipal Corporation, CITY OF ANGOLA, INDIANA SERGEANT TIMOTHY M. CROOKS, individually, CITY OF ANGOLA POLICE CHIEF JON W. PARRISH, in his Individual and Official Capacity, STEUBEN COUNTY INDIANA, a Municipal Corporation, STEUBEN COUNTY SHERIFF RICHARD L. LEWIS, in his Individual and Official Capacity, STEUBEN COUNTY OFFICER D. HOSTETTER, individually, and STEUBEN COUNTY OFFICER DALE MURRAY, individually,

        Defendants.

_____/

CASE NO. 08-14248

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANTS WAYNE COUNTY AND WAYNE COUNTY DETECTIVE JACKIE LOVING'S MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is Wayne County and Wayne County Detective Jackie Loving's Motion for Summary Judgment (Doc. No. 39). The Court heard oral argument on May 1, 2009, and at the conclusion of the hearing, took this matter under advisement. For the reasons that follow, the Court **GRANTS** the motion.

**I. FACTUAL BACKGROUND**

Plaintiff David Richardson is a former inmate at the Wayne County Jail. He was

arrested on July 5, 2007, for violating his probation, and incarcerated in the Wayne County Jail. Compl., ¶ 28. The following day, Plaintiff pleaded guilty and was ordered to pay attorney fees, costs, and to serve 90 days in jail.

When Defendant Officer Loving checked the Law Enforcement Information Network (LEIN), she discovered an outstanding felony warrant existed for Richardson. She was assigned to process his extradition to Steuben County, Indiana. Defs.' Ex. 3, Affidavit of Loving. She verified that Indiana law enforcement officials were willing to pick up Plaintiff. She prepared and submitted a formal extradition request to the Prosecutor. Defs.' Exs. 4, 5. She interviewed Plaintiff and advised him of his rights. He maintained he was not the right person and refused to waive his rights. Wayne Co. Defs.' Ex. 3. Consequently, Loving requested identifying information from Indiana and received a photograph with Plaintiff's name across the bottom. Defs.' Ex 3, Aff. at ¶ 8. She had no doubt that the photograph was Plaintiff. Id.

The Michigan court subsequently authorized an extradition warrant on August 31, 2007. Defs.' Ex. 6. On September 5, 2007, Plaintiff was arraigned on the warrant and provided with assigned counsel. Id., Ex. 7. Plaintiff subsequently waived his right to a hearing, and signed the order of extradition. See Exs 8, 9.

Plaintiff brings claims under 42 U.S.C. § 1983, against Loving and Wayne County based on violations of his liberty without due process, and unreasonable searches and seizures. He further alleges claims of gross negligence, malicious prosecution, and false arrest and imprisonment against Loving.

2

## II. STANDARD OF REVIEW

Pursuant to Rule 56(c), a motion for summary judgment is to be granted only if the evidence indicates that no genuine issue of material fact exists. FED. R. CIV. P. 56(c). To avoid summary judgment, the opposing party must have set out sufficient evidence in the record to allow a reasonable jury to find for him at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

The sufficiency of the evidence is to be tested against the substantive standard of proof that would control at trial. Anderson, 477 U.S. 242. The moving party has the burden of showing that there is an absence of evidence to support the non-moving party's case. Celotex v. Catrett, 477 U.S. 317, 325 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. In disposing of a motion for summary judgment, this Court must consider the evidence in the light most favorable to the nonmoving party, but may weigh competing inferences for their persuasiveness. Matsushita, 475 U.S. at 574.

## III. ANALYSIS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Consequently, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and

3

(2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970);

### A. Claims Against Loving

The parties dispute the import of the extradition waiver signed by Plaintiff. Defendants argue that the undisputed facts in this case preclude Plaintiff's claims against Defendant Loving, even crediting Plaintiff's allegation that Loving told him she would compare fingerprint and photographs and if they did not match she would not seek a warrant to extradite Plaintiff to Indiana. Compl., ¶ 32.

The Sixth Circuit does not allow a § 1983 claim against an officer for failure to comply with extradition procedures established by the Uniform Criminal Extradition Act ("UCEA"). In its decision precluding such claims, it reasoned "that the constitutional and statutory extradition provisions are not designed to protect fugitives. Rather, they are designed to facilitate the administration of justice between states. Thus, failure to comply with established procedures does not deprive the fugitive of any protected right." Barton v. Norrod, 106 F.3d 1289, 1295 (6th Cir. 1997).

Moreover, a voluntary waiver bars further action under § 1983, and the record discloses no dispute that plaintiff executed a waiver of his right to contest extradition. Richardson demanded a formal extradition hearing, which was scheduled. He received appointed counsel to represent him. The extradition and arraignment were set for September 5, 2007, but on that date, Plaintiff signed a voluntary waiver of extradition.

Because the validity of such agreements is well established, the Sixth Circuit does not allow a plaintiff to base a case of action upon 42 U.S.C. § 1983 on a defendant's alleged failure to follow normal procedures to effect his extradition. Grigsby v. Keesling, No. 88-5820, 1988 WL 129308 (6th Cir. Dec. 6, 1988).

To the extent that Plaintiff brings claims based upon Loving's failure to investigate his assertion of innocence, the Court finds his claim fails as a matter of law for another reason. The Supreme Court has specifically and repeatedly held that "extradition proceedings are 'to be kept within narrow bounds;' they are 'emphatically' not the appropriate time or place for entertaining defenses or determining the guilt or innocence of the charged party." California v. Superior Court of California, San Bernardino County, 482 U.S. 400, 407-08 (1987) (citations omitted). An extradition specifically avoids any analysis of the merits of the criminal charges.

The Extradition Clause provides: "A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." U.S. CONST. Art. IV, § 2, cl. 2. In the absence of the Indiana indictment, there would be no extradition from Michigan. Thus, the extradition was dependent upon and intertwined with the underlying criminal charges from Indiana. Loving had no authority to review the investigation in Indiana. Indiana got the person it sought--it just was after the wrong person. Therefore, any claim advanced by Plaintiff against Detective Loving for failure to investigate the circumstances surrounding his extradition fails as a matter of law. Even if she had conducted an

5

independent investigation, there is no dispute that Plaintiff was the wanted individual even though Plaintiff was not guilty of the crime with which he was charged.

### B. Claims against Wayne County

Plaintiff asserts a claim against Wayne County based upon its policy that authorized Loving's conduct and its failure to train Loving. Wayne County provided numerous exhibits regarding the policies in place regarding extradition and the training that Loving received during her seventeen years as a rendition/extradition officer. See Defs.' Exs. 3, 11.

Plaintiff asserts that he is unable to respond without discovery. In accordance with Fed. R. Civ. P. 56(f), his attorney filed an affidavit attesting to the need for discovery. The rule provides a method of extending time for a party to respond to the merits of a motion for summary judgment, provided the party can demonstrate a need for, and an entitlement to, discovery to marshal facts essential to mount an opposition.

Because the Court finds Loving is entitled to judgment as a matter of law, Plaintiff's request for discovery relative to Wayne County must be denied. There has been no constitutional violation by Loving. Therefore, Plaintiff's claims against the County fail as a matter of law. No amount of discovery can salvage these claims--if there is no constitutional violation by Loving, there can be none by the County for failure to train. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

### IV. CONCLUSION

In sum, the Court **GRANTS** Loving, and Wayne County's Motion for Summary Judgment. Wayne County remains a defendant relative to the claim Plaintiff advances for failure to train Wayne County Parole Office Joyce Mahandi.

**IT IS SO ORDERED.**

                                     s/Marianne O. Battani
                                     MARIANNE O. BATTANI
                                     UNITED STATES DISTRICT JUDGE

Date: August 27, 2009

## CERTIFICATE OF SERVICE

A copy of this Opinion and Order was mailed and/or electronically filed to counsel of record on this date.

                                     s/Bernadette Thebolt
                                     Deputy Clerk